GARDEN, JUDGE:
On May 4, 1972, at about 6:00 p.m. the claimant, Harold William Riffle, was operating his 1969 Ford automobile in a northerly direction on secondary Route 12, commonly referred to as the “new Jackson’s Mill Road” in Lewis County, West Virginia. He was apparently proceeding from his place of employment near Weston to his home in the Jane Lew area. It was still daylight but overcast, and the road was jry. Secondary Route 12 at and near the accident scene runs generally in a north-south direction. It is a two-lane asphalt road, one lane being reserved for northbound traffic and the other for southbound traffic. The road from the accident scene south for a distance of about 534 feet is relatively straight. Riffle’s automobile, after traversing this straight stretch, left the travelled portion of the road and struck a large tree located to the right of an eight foot berm on the east side of the road. There were apparently no eyewitnesses to the actual accident.
The right side of the automobile struck the tree with such force that the car was literally wrapped around the tree. As a matter of fact the front half of the car, back to the bell housing, was severed or split from the rear of the car. Riffle suffered a basilar skull fracture, closed head injuries, lacerations of the right ear and right leg, a segmental fracture of the right tibia and a fracture of the fibula, He was taken to a Weston hospital but was transferred the following day to University Medical Center in Morgantown where he remained until May 23, 1972. He was released by his doctor on January 9, 1973, for light work but did not actually resume work until July 11, 1973.
As a result of the skull fracture, Riffle suffered retrograde amnesia, and as a result, at the hearing, could not testify as to any of the facts of the accident. As a matter of fact, he had no *245 recollection of any events for the week preceding May 4,1972, and had no recollection of being in the hospital undergoing treatment for his injuries. He contended however that he lost control of his automobile as a result of striking potholes and the general condition of disrepair that existed in the road, and in particular, along the right hand side of the northbound lane and south of the tree which he later struck.
In support of this contention, the claimants called as a witness on their behalf Corporal Willard S. Crowe of the Weston detachment of the West Virginia Department of Public Safety. Officer Crowe made the official investigation of the accident, arriving at the scene some 15 minutes after it occurred. The officer testified that he observed potholes on the right hand side of the northbound lane over a length of 112 feet, but he did not recall the exact number of the holes or their dimensions. Near the north end of this 112-foot section, he observed skid marks 60 feet in length but admitted that he could not state that these marks were made by the Riffle automobile. From the most northerly end of the skid marks and where they run off the road on the right and to where the car was located was a distance of 156 feet, and the path of the car could be followed through marks left in the berm area. Officer Crowe also testified as to the existence of additional potholes over a length of 56 feet, the most northerly hole in this area being 72 feet south of the automobile. Physically these holes could not have been involved in the accident because the Riffle automobile had left the road before they were reached.
Edward James Blake, Eva Mae Burkhammer and Beverly Jo Lambert testified on behalf of claimants, the latter through an evidentiary deposition. Blake testified that he had worked with Riffle until 5:00 p.m. on the day of the accident, and that when they parted Riffle was in good physical condition and in no distress. Burkhammer, a waitress at the Holiday Haven located a few miles from the accident, testified that Riffle stopped at the Holiday Haven around 6:00 p.m. on the accident date, and while visiting with friends drank one can of beer; that he then departed and gave no evidence of being under the influence of alcohol. Lambert testified that a few days prior to the Riffle accident, she was driving over the same area and had struck two potholes and as a result nearly lost control of her car.
Various photographs taken the day after the accident were introduced into evidence, and these photographs reflected the *246 existence of the potholes and generally tended to support claimants’ contention that this road was poorly maintained by respondent. However, even if we concede that the respondent was guilty of negligence in its maintenance of this road, there is not one scintilla of evidence which would prove that the Riffle automobile struck these potholes, or in other words that the existence of these potholes was the proximate cause of the accident and Riffle’s resultant injuries. This accident could have occurred as a result of many other circumstances, not solely by reason'of the existence of potholes.
On the basis of the record, we are of opinion that the claimants have failed to carry their burden of proof, and that we must disallow their claims.
Claims disallowed.