WALLACE, JUDGE:
This claim was filed as the result of surface water damage to claimant’s property. The claimant lives at 822 Avesta Drive *126 in St. Albans, West Virginia. Avesta Drive is also Route 12/9 and has been maintained by the respondent since 1950. Route 12/9 or Avesta Drive serves the claimant and her neighbors and terminates 500 to 600 yards beyond the claimant’s house. Avesta Drive was an unimproved dirt and gravel road 16 to 20 feet wide previous to the summer of 1976, at which time the respondent graded the existing material and applied a 60-pound surface treatment of bituminous material and aggregate to the road. Claimant’s property, which fronts 206 feet on the road, is approximately 17 Vz feet from the center of the road. The road runs generally in an east-west direction and slopes downhill past the claimant’s house. Originally, claimant’s house was below the level of the road. In 1970 she had her house raised 5 to 6 courses of cinder blocks to make it level with the road. The area between the front of the house and the road was filled with fill dirt. Across the road from the claimant’s home is a hill section. The natural drainage of this area flows into a drain at the edge of the road emptying into a culvert and pipe which carries the water under the road and into a natural ravine on claimant’s property 20 to 25 feet from her house.
The claimant testified that, over the years, the respondent’s road maintenance consisted of grading and filling holes with additional dirt and rock. The continual filling of holes and grading of the road raised the elevation of the road, and caused surface water to flow down the road and off in front of her house. The water washed out the fill in front of the house, damaged the porch and downspout, and created some dampness in the basement. She further testified that the pipe under the road had not been maintained properly, causing the water to flow under rather than through it, the resulting soil erosion causing damage to her property. She complained to the respondent on many occasions, but little was done to correct the damage problems. In an effort to improve the flow of water under the road she put an extension an the existing pipe.
Joseph T. Deneault, respondent’s maintenance engineer for Kanawha County, testified that the road was not a high speed, highly constructed road. The road is crowned and the surface water flows to both sides. He stated that a section of the road approximately 5 feet wide and extending approximately 30 *127 feet in front of claimant’s house slopes towards the house, and that surface water flows onto claimant’s property at this point. He further testified that the re-surfacing of the road in 1976 probably raised the elevation of the road one inch. He was unable to testify as to the maintenance in previous years because he had been in his present position for only approximately IV2 years. He stated that the pipe under the road had settled away from the existing culvert, causing water to flow underneath the pipe, except in heavy concentrations of water when it flows under and through the pipe. The water under the pipe causes the soil to erode. From the evidence, it is the opinion of the Court that the respondent was negligent in its failure to provide proper maintenance to the road and the drainpipe under it. The lack of proper maintenance was the proximate cause of the damage to claimant’s property, and she is entitled to recover. The Court, having considered the record and the values established in the appraisals offered into evidence, makes an award of $4,500.00 to the claimant.
Award of $4,500.00.