WALLACE, JUDGE:
These claims resulted from the same accident and were consolidated for hearing. It was agreed that the testimony be bifurcated and the matter of liability be determined initially.
Ernie E. Eller is the administrator of the Estates of Isaac Eller, Shirley Faye Eller, Rosa Lee Eller, and Isaac James Eller. All of the claimant’s decendents died in the same accident on January 25, 1976. On the day of the accident, the claimant’s decedents and Myrl Inez Eller, the only survivor of the accident, were proceeding in a pickup truck southerly on U.S. Route 19/41 in the vicinity of McCreery and Prince, West Virginia. Myrl Inez Eller told the State trooper who investigated the accident that her stepfather, Isaac Eller, was driving the vehicle. It was approximately 6:00 p.m. and the road was dry. Route 19/41 is a two-lane blacktop highway eighteen feet wide. The road at the scene of the accident is relatively straight. The driver of the vehicle was familiar with the road, having driven it on numerous occasions.
*403 It is the contention of the claimant that the Eller vehicle struck a pothole on the right side of the highway next to the berm, causing the driver to lose control. The truck proceeded through guard posts and over the bank into the New River, drowning the occupants.
Myrl Inez Eller and her sister were riding in the back of the truck under a sleeping bag. Myrl was thrown out of the vehicle and survived. In her evidentiary deposition, when she was asked how the accident occurred, Myrl testified:
“Q. ...describe as best you can to me how the accident happened.
A. I really don’t know. All I remember was hearing the railroad tracks, but it wasn’t railroad tracks. I mean thinking it was railroad tracks, but it wasn’t.
Q. Okay. Why don’t you explain?
A. Well, me and my sister were in the back, and we were laying down under a sleeping bag, and I don’t know, I do remember hearing railroad tracks, but they weren’t railroad tracks. It was going over the hill, but I thought it sounded like railroad tracks. It sounded like something, you know, hitting something going over.”
She further testified, “there was one big bump and then...I don’t know, kind of like we was going over something.”
Trooper B. A. Vaughan of the West Virginia Department of Public Safety investigated the accident. He was able to locate the vehicle by following its course from the pothole through the underbrush to the river. One guard post had been uprooted by the truck. He testified that he traveled Route 19/41 frequently in the course of his duties, and that there were potholes in the highway, but he had never seen the particular one which, it is alleged, the truck hit. Trooper Vaughan stated that he had no knowledge that the pothole had been reported to the respondent.
James Robert Ramsey testified that he had struck this particular pothole on November 23, 1975, but he did not report it to the respondent.
Since the case of Adkins v. Sims, 130 W.Va. 645, 46 S.E.2nd 81 (1947), the law is well established in West Virginia that the State is not an insurer of the safety of a traveler on its highways. See also Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969); Lowe v. Dept. of Highways, 8 Ct.Cl. 210 (1971). Anyone who sustains damage must prove that the neglience of the State caused the damage in *404 order for the State to be liable. There is nothing in the record in the instant case to show that the respondent had noted any dangerous condition in the highway, nor was there any evidence that the existence of the pothole was the proximate cause of the accident and the resulting deaths. The accident could have occurred as the result of many other circumstances, and not solely by reason of the existence of a pothole. See Jeter v. Dept. of Highways, 11 Ct.Cl. 154 (1976); Riffle et al. v. Dept. of Highways, 11 Ct.Cl. 244 (1977).
The Court is not unmindful of the terrible tragedy involved in this case, nor of the inherent impulse for compassion. However, we believe that our findings and our view of West Virginia law require the disallowance of these claims. On the basis of the record, we find that the claimant has failed to carry the burden of proof. Accordingly, these claims are disallowed.
Claims disallowed.