RULEY, JUDGE:
The claimants in this case seek recovery of $4,070.00 for damages to their dwelling house located at 1590 Alexandria Place, in Charleston, caused by surface water in the year 1979.
Alexandria Place is located upon a hillside. The claimants’ dwelling house was built in 1971. Connell Road, a public road, then was and still is located upon the hillside above the dwelling, a distance of more than 100 feet. That the house was damaged by water which, at times in 1979, flowed down the hillside in a stream, is not disputed. But it also is undisputed that Connell Road now exists just as it did before the house was built with the exception of the circumstance that a slide or slip upon its downhill side exists at a point above a nearby dwelling, the construction of which involved excavation into the hillside about 45 feet from and below the road. Connell Road is and has been ditched along its uphill side but not on its downhill side, and the evidence is undisputed that such is customary engineering practice.
West Virginia adheres to the basic common law rule that each landowner may fight surface water in whatever manner he chooses, but the rule is modified by the principle that one must so use his own property so as not to injure the rights of another. 20 M.J., Waters and Watercourses, §4, p. 22. Nor can one collect surface water in a body or mass and discharge it upon lower land. 20 M.J., Waters arid Watercourses, §5, p. 23. See also Whiting v. State Board of Education, 8 Ct.Cl. 45 (1969).
Liability for surface water damage has been imposed upon the State by this Court when the Department of Highways had improperly diverted surface water or collected it in a mass and caused it to flow onto a claimant’s land in situations where: *415 culverts were improperly maintained or inadequate in size, Adkins v. Dept. of Highways, 12 Ct.Cl. 185 (1978), Allison v. Dept. of Highways, 12 Ct.Cl. 84 (1978); drainpipes were negligently maintained, Brown v. Dept. of Highways, 12 Ct.Cl. 125 (1978), Maynard v. Dept. of Highways, 12 Ct.Cl. 4 (1977); and ditch lines were not properly maintained, Stevens v. Dept. of Highways, 12 Ct.Cl. 180 (1978), Taylor v. Dept. of Highways, 12 Ct.Cl. 261 (1979), but there is no evidence in this case of any such misconduct. In order to reach a conclusion as to what caused the accumulation of surface water on the claimant’s property, the Court would have to resort to speculation or conjecture, which, of course, is prohibited. For that reason, the claim must be denied.
Claim disallowed.