WALLACE, JUDGE:
Claimant filed this claim against the respondent in the amount of $131.78 for damage to his 1980 Toyota Corolla automobile.
On November 17, 1980, claimant was driving his son’s automobile westerly on Interstate 64. His son was following him in claimant’s automobile. At 10:00 p.m., while crossing Rocky Step Bridge at approximately milepost 41, he noticed in his rearview mirror his son blinking his lights. He pulled off the highway and his son stopped behind him and stated that he had a flat tire. They changed the tire and proceeded on. The next morning, the claimant examined the tire and discovered that it had been cut on the inside of the tire and the inside of the rim was bent as though some metal object had struck it. Claimant testified that he did not know what caused the damage, but surmised that there may have been a metal plate placed on the bridge by the respondent during repair work. He further stated that when he crossed the bridge in front of his son, he saw nothing unusual, nor did he see anything the next evening when he travelled the same section of the highway.
The law in West Virginia is well established that the State is not an insurer of the safety of a traveller on its highways. *10 Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2nd 81 (1947), Parsons vs. State Road Commission, 8 Ct.Cl. 35 (1969). Anyone who sustains damage must prove that the negligence of the State caused the damage, in order for the State to be held liable. See Eller vs. Department of Highways, 13 Ct.Cl. 402 (1980). The record does not establish any negligence on the part of the respondent; in fact, the claimant testified that he did not know what caused the damage. In order to reach a conclusion as to what caused the damage to the claimant’s automobile, the Court would have to resort to speculation or conjecture, which, of course, is prohibited. See Miller vs. Department of Highways, 13 Ct.Cl. 414 (1981). Accordingly, the Court disallows this claim.
Claim disallowed.