LYONS, JUDGE:
The claimant is the owner of property located at 822 Avesta Drive, St. Albans, Kanawha County, West Virginia. This property was the subject of a prior claim, Brown v. Dept. of Highways, 12 Ct.Cl. 125 (1978). In that claim, claimant received an award of $4,500.00 for damages to her property as the result of surface water run-off from the road, and from an improperly maintained drainpipe under the road. Claimant alleges that subsequent repairs made by the respondent have not alleviated the situation, and she seeks $35,000.00 in damages.
Claimant testified that the repairs undertaken by respondent included replacing the drainpipe under the road and resurfacing the road. These measures lessened the problem “to a very small degree” and, following further complaints to respondent, a blacktop curb was installed on Avesta Drive. She stated that the curb was installed in June of 1981 or 1982. Claimant submitted evidence of various costs, in the amount of $1,546.41, incurred in attempting to prevent further water damage. An appraisal report prepared by Gerald Terry estimated the cost to cure at $1,200.00 to $1,500.00. He suggested constructing a catch basin with a wing wall to direct water to the basin, and a drain line built from the basin to the existing drain line as a means of diverting the water.
Joseph T. Deneault, Assistant District Engineer in District 1, testified that claimant’s current water problems arise from several sources. Part of the water enters claimant’s property from adjoining properties. Part of the water comes from the roadway surface, but Mr. Deneault stated that claimant’s property is part of the natural drainage area, and the curbing directs water which would go onto the land before reaching the curb. Mr. Deneault testified that the measures respondent has taken have corrected the problem as much as feasible without redirecting the water that otherwise flows on the land to the natural drains. He said that the volume of water on claimant’s land would not “cause damage to her property.” Mr. Deneault added that Mr. Terry’s suggestion of building a catch basin with a wing wall was a solution to the problem, but he did not know whether it was “a feasible one or the best one.”
*174 The Court is of the opinion that the claimant has failed to establish by a preponderance of the evidence that the actions by the respondent resulted in damage to her house.
Accordingly, the Court is of the opinion that the claimant has not shown, by a preponderance of the evidence, that her damages were the result of negligence on the part of the Department of Highways, and hereby disallows the claim.
Claim disallowed.