GRACEY, JUDGE:
This claim was filed by John Kellison, as Administrator of the Estate of his son, Richard Allen Kellison, whose death occurred as the result of a single car accident at about 1:00 a.m. on January 3, 1984, on West Virginia Route 7/11, a single-lane roadway, in Harrison County. Richard Allen Kellison was driving his father's automobile, a 1965 Buick. West Virginia Route 7/11 is a dead end road. It proceeds up a hillside to two residences and an elementary school. The decedent had visited Nina Adkins, whose home was at the top of the hill close to the dead end. As decedent left the Adkins' residence, he proceeded on Route 7/11. When he reached a curve near the bottom of a hill, and just before a small bridge, the vehicle did not make the turn onto the bridge, and left the travel portion of the road. The vehicle went off the road at the near *118 end of the bridge, landed on its roof and caught fire. The decedent's body was found in the vehicle.
The claimant contends that the failure of respondent to repair or replace a missing guardrail on the bridge constituted negligence which was the proximate cause of the accident and resulted in the death of the decedent.
Respondent contends that notice of the condition of the guardrail on the bridge was not given until December 28, 1983, which did not provide respondent sufficient time in which to effect repairs to the guardrail. The road has a very low traffic count. The postmortem examination record revealed that the decedent had a blood alcohol level of .21. Respondent contends that the proximate cause of the accident was the fact that claimant left the travel portion of the roadway, probably due to his blood alcohol level.
Trooper Greg W. Lemasters, of the Department of Public Safety, testified about his investigation of the accident. He arrived at the scene at approximately 1:30 a.m. He stated that there was no evidence that the accident vehicle had been moved prior to his arrival. He noted that he had placed tire tracks on his diagram in the investigation of the accident. The tires on the left or driver's side were on the right side of the entrance to the bridge. The tracks of the tires on the right or passenger side of the vehicle did not come close to the actual entrance to the bridge.
Several affidavits were submitted by claimant to establish notice to respondent of the condition of the bridge. The affidavits were by residents ft the area who had informed the respondent concerning the missing guardrail in the months of November or December prior to the accident.
Worthy Devericks, Jr., was employed at Cheers, a local bar in the area. He testified that he had observed the decedent, who was employed at Cheers but was a customer at the time, sitting at the bar on the evening prior to the accident. He stated that the decedent appeared to have been drinking. As a member of the Harrison County Rescue Squad, Mr. Devericks was also involved with the accident scene. He stated that, from the tracks, it appeared as though the decedent's car drove right into the creek.
John V. Onestinghel, Jr., assistant district engineer in charge of maintenance, testified that the respondent had received two telephone calls on December 28, 1983, concerning the guardrails on the bridge. This was the first notice that he had received about the bridge.
A careful review of all the evidence indicates that there is no adequate explanation for why the decedent drove or for other reasons went off the road and into the creek instead of proceeding onto the bridge. For the Court to grant an award, it would necessary for the Court to resort to speculation which this Court will not do. See: Cassidy vs. Dept. of Highways, 15 Ct.Cl 177 (1984); Charles & Allison vs. Dept. of Highways, CC-83-356 (Opinion issued December 12, 1986) and Eller vs. Dept. of Highways, 13 Ct.Cl. 402 (1981).
*119 claim. For the reasons stated hereinabove, the Court is of the opinion to and does deny this
Claim disallowed.